### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

| | |
|---|---|
| **TERRY G. TAYLOR,** ) | |
| ) | |
| **Movant,** ) | |
| ) | |
| v. ) | Civil Action No. 5:04-1103 |
| ) | (Criminal Action No. 5:01-0006) |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

Pending is Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody and Memorandum in Support. (Document No. 87.)[1] Having conducted a thorough examination of the record in this matter and the underlying criminal proceedings, the undersigned has determined that the record conclusively shows that Movant is not entitled to relief under Section 2255 and respectfully recommends that this matter be dismissed.

### FACTUAL AND PROCEDURAL BACKGROUND

Movant was charged in a twelve count Indictment filed on January 3, 2001, with engaging in a scheme to defraud individuals and business persons involved in the retail sale of motorcycles and other persons by means of wire (telephone) communications in interstate commerce in violation of 18 U.S.C. § 1343. United States v. Taylor, Criminal Action No. 5:01-0006, Document No. 5. Movant entered a plea of guilty to count nine of the Indictment on May 8, 2001. Id., Document No. 21. On February 8, 2002, the District Court filed a Memorandum Opinion and rescheduling Order. Id., Document No. 40. The District Court stated that it was considering departing upward in sentencing Movant and that

---

[1] Because Movant is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

> Pursuant to Burns v. United States, 501 U.S. 129 (1991), a Defendant is entitled to reasonable notice of a possible upward departure and the grounds on which it may be based. See United States v. Bellamy, 264 F.3d 448, 454 (4th Cir. 2001). * * *
>
> In accordance with Burns and Bellamy, the parties are entitled to notice of the possible grounds for departure. The Court is presently considering a departure on three separate bases. The first is whether under the United States Sentencing Guideline Section 4A1.3 Defendant's criminal history category adequately reflects the seriousness of his past criminal conduct or the likelihood that he will commit other crimes.
>
> The second potential ground for departure is the presence of dismissed or uncharged conduct pursuant to U.S.S.G. § 5K2.21. For example, there are a number of other arrests reflected in the PSR that do not affect the determination of the applicable guideline range.
>
> A third potential ground for departure is whether the Guidelines adequately address the individual burdens and injuries visited upon the great numbers of individuals and smaller businesses defrauded by Defendant's fraudulent activities.
>
> The factual bases supporting the above considerations include the contents of the presentence report, the numerous letters from victims received by the Court and counsel, and the schedule of losses attached to the presentence report.

The District Court rescheduled Movant's sentencing and directed the Office of Probation to determine whether Movant's conduct as charged in the Indictment was similar to his conduct as charged in other matters comprising his criminal history (worthless check charges). The District Court filed a further Memorandum Opinion and Order and Notice on April 28, 2002, addressing several issues and stating as follows respecting the possibility of an upward departure (Id., Document No. 44.):

> [I]n an effort to assure Defendant has adequate notice concerning the grounds currently being considered by the Court for departure, the Court clarifies the third potential ground for departure listed in the Memorandum Opinion and Rescheduling Order entered on February 8, 2002. * * * To clarify, the Court is considering in particular not only the number of victims who fell prey to Defendant, but also whether the Guidelines adequately take into consideration the practically unquantifiable, but yet very real, additional injuries sustained by those victims. The letters from many of the victims attest to lost sales due to the absence of advertising, the lost opportunities occasioned upon the videographers and others, and the embarrassment and other harm suffered by the victims in having to report the fraud to their superiors and , in some instances, their customers.

On August 8, 2002, Movant filed a Memorandum Regarding Sentencing Issues discussing the grounds upon which the District Court was considering an upward departure. Id., Document No. 58. On August 12, 2002, Respondent filed a Response to the District Court's Inquiry on the Issue of Upward Departure and to Defendant's Memorandum regarding Sentencing Issues. Id., Document No. 59. The District Court determined that an eight offense level upward departure was appropriate, sentenced Movant on August 12, 2002, to a sixty month term of incarceration and a three year term of supervised release[2] and required Movant to pay $100 special assessment and $846,603.35 in restitution. Id., Document No. 61.[3]

Movant appealed his sentence contending that the District Court abused its discretion in departing above the guideline range and failed to give adequate notice of the specific grounds for departure and the eight offense level upward departure was excessive. The Fourth Circuit affirmed. United States v. Taylor, 60 Fed.Appx. 429 (4th Cir. 2003). Movant sought review in the United States Supreme Court, and the Supreme Court denied it on October 6, 2003. Taylor v. United States, 540 U.S. 865, 124 S.Ct. 183, 157 L.Ed.2d 119 (2003).

Movant, acting *pro se*, filed his Section 2255 Motion initiating this matter on October 12, 2004.[4] (Document No. 87.) Movant states two grounds for *habeas* relief as follows:

---

[2] The Bureau of Prisons' Inmate Locator indicates that Movant was released from custody on May 5, 2006. It appears that Movant is currently serving his three year term of supervised release. His Section 2255 Motion is not mooted by his release from custody. *See United States v. Pregent*, 190 F.3d 279, 283 (4th Cir. 1999)(An inmate who has completed his prison term, but is still serving a supervised release sentence is in custody for purposes of Section 2255.)

[3] 18 U.S.C. § 1343 provided that whoever violated it "shall be . . . imprisoned not more than 5 years . . .." In 2002, the statute was amended to provide that whoever violated it is subject to a 20 year maximum term of imprisonment.

[4] The undersigned notes that the Supreme Court denied Movant's request for review on October 6, 2003, and Movant dated his Section 2255 Motion October 5, 2004, and filed it on Tuesday, October 12, 2004, a week more than one year after the Supreme Court's denial. "[T]he judgment of conviction of a prisoner who has petitioned for certiorari becomes final for purposes of the one-year period of limitation of § 2255 ¶ 6(1) when the Supreme Court denies certiorari after

3

>Ground one: Adequate notice of specific grounds for upward departure not given prior to sentencing.
>
>Supporting facts: District Court upwardly departed sentence 8 levels on ground not identified in any pre-sentence order as being under consideration, not mentioned in any hearing, government filing or the presentence report, and not raised by victims until date of sentencing hearing.
>
>Ground two: That 8 level upward departure violates Sixth Amendment right to have all facts relative to sentencing be determined by jury and beyond reasonable doubt.
>
>Supporting facts: Defendant was enhanced 8 levels on basis of facts not determined beyond a reasonable doubt by jury. Defendant did not admit to any factors used in upward departure and they were not charged or alleged in government indictment or in plea agreement.

In ground two, Movant cites the United States Supreme Court's decisions in <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and <u>Blakely v. Washington</u>, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). Movant filed a Supplement to Previously filed § 2255 Motion on March 23, 2005, citing the Supreme Court's decision in <u>United States v. Booker</u>, 543 U.S. 220, 125 S. Ct. 738, 160 L.Ed.2d 621 (2005). (Document No. 90.)

## **DISCUSSION**

### A. **Notice of Grounds for Upward Departure in Sentencing.**

Movant contends that the District Court did not give him sufficient notice of the grounds upon which it was considering departing upward in sentencing him. As discussed above, the record

---

a prisoner's direct appeal." *United States v. Segers*, 271 F.3d 181, 186 (4th Cir. 2001), *cert. denied*, 535 U.S. 943, 122 S.Ct. 1331, 152 L.Ed.2d 237 (2002). The mailbox rule has been determined to apply in Section 2255 proceedings. *United States v. Hatala*, 29 F.Supp.2d 728, 731 (N.D.W.Va. 1998). A *pro se* prisoner's Section 2255 Motion is therefore deemed filed when he delivers it to prison officials for mailing to the District Court. It is evident from the date Movant placed on his Section 2255 Motion, October 5, 2004, that he delivered his Motion to prison officials for mailing on that date. It appears that Movant was incarcerated at FPC Seymour Johnson in Goldsboro, North Carolina, when he filed his Section 2255 Motion, and it is certainly conceivable that it took a week for his Motion to travel from FPC Seymour Johnson to West Virginia. The undersigned concludes therefore that Movant filed his Motion timely.

in the underlying criminal proceedings indicates that the District Court entered two Memorandum Opinions setting forth the reasons the Court was considering departing upward. Petitioner raised the same issue on appeal, and the Fourth Circuit found that "Taylor's claim that the district court did not give him fair notice of the potential grounds for departure is wholly without merit." United States v. Taylor, 60 Fed.Appx. 429, 432 (4th Cir. 2003.) Generally, review of sentencing error is available in the first place on direct appeal. See 18 U.S.C. § 3742(a)(allowing for direct appeal from sentence imposed in violation of law or based on incorrect application of sentencing guidelines). An issue raised and decided on direct appeal may not be raised on collateral review. See United States v. Hatala, 29 F.Supp.2d 728, 731 (N.D.W.Va. 1998), citing Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976), cert. denied, 429 U.S. 863, 97 S.Ct. 169, 50 L.Ed.2d 142 (1976). The issue which Movant raises in these Section 2255 proceedings was raised and decided on direct appeal, and the issue is therefore not cognizable under Section 2255.

### B. Apprendi, Blakely and Booker.

In Apprendi, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi, 530 U.S. at 490, 120 S.Ct. at 2362 - 63. In Blakely, the Supreme Court reaffirmed the Court's holding in Apprendi and invalidated Washington's sentencing scheme because it required the judge to impose a sentence based on facts neither admitted by the defendant nor reflected in the jury verdict, in violation of the Sixth Amendment.[5] Blakely, 542 U.S. at 303, 124 S.Ct. at 2537. In Booker, the Supreme Court applied the holding in Blakely to the Federal Sentencing Guidelines, and held: "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts

---

[5] In *Blakely*, the Court defined the phrase "statutory maximum" for *Apprendi* purposes as "the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*." *Blakely*, 542 U.S. at 303, 124 S.Ct. at 2537 (emphasis in original).

5

established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker, 543 U.S. at 244, 125 S. Ct. at 756. The Booker holding applies "'to all cases on direct review or not yet final, with no exception for cases in which the new rule constitutes a "clear break" with the past.'" Booker, 543 U.S. at 268, 125 S. Ct. at 769 (quoting Griffith v. Kentucky, 479 U.S. 314, 328, 107 S.Ct. 708, 716, 93 L.Ed.2d 649 (1987)). The Fourth Circuit Court of Appeals joined nine Circuit Courts of Appeals which had considered whether Booker applies retroactively to persons whose convictions were final prior to the Supreme Court's decision and determined that it does not. United States v. Morris, 429 F.3d 65 (4th Cir. 2005).

Apprendi and Blakely do not apply because Movant's sentence did not exceed the maximum authorized by the facts established by his plea of guilty to violating 18 U.S.C. § 1343, five years in prison. Second, Movant is not entitled to relief based upon Apprendi and Blakely in these collateral proceedings. San-Miguel v. Dove, 291 F.3d 257 (4th Cir. 2002), cert. denied, 537 U.S. 938, 123 S.Ct. 46, 154 L.Ed.2d 242 (2002), affirming summary dismissal of Section 2241 claims "[b]ecause we find that petitioners cannot raise their Apprendi claims on collateral review regardless of whether their complaints are brought under § 2241 or § 2255 . . .." Finally, Movant's sentence became final on October 6, 2003, when the United States Supreme Court denied his request for review, and his sentence therefore became final prior to the Supreme Court's decision in Booker in 2005 which has no retroactive application. Therefore, Booker does not apply as Movant urges.

## PROPOSAL AND RECOMMENDATION

Accordingly, the undersigned hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence as supplemented (Document Nos. 87 and 90.) and remove this matter from the Court's docket.

The Movant is notified that these Proposed Findings and Recommendation are hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas E.

6

Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(a), Federal Rules of Civil Procedure, Movant shall have three days (mailing/service) and then ten days (filing of objections), for a total of thirteen days from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served upon the presiding United States District Judge Johnston and this Magistrate Judge.

The Clerk is directed to file these Proposed Findings and Recommendation and to mail a copy of the same to Movant, who is acting *pro se* in these proceedings.

Date: February 6, 2008.

*[signature]*
R. Clarke VanDervort
United States Magistrate Judge